No. 2212.

Second Circuit Appeal.

JOHN O. CULP v. B. C. BERRY.

(May 9, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.
The judgment of the trial court on questions of fact, not being manifestly erroneous, is affirmed.

Appeal from Tenth Judicial District Court of Louisiana, Parish of Concordia. Hon. N. M. Calhoun, Judge.

This is a suit to recover a balance on a salary and contract.

There was a reconventional demand. Judgment for defendant and on reconventional demand. Plaintiff appealed.

Judgment affirmed.

Hugh Tullis, of Vidalia, attorney for plaintiff, appellant.

Dale, Young & Dale, of Vidalia, attorneys for defendant, appellee.

ODOM, J. Plaintiff was employed by defendant in May, 1923, to manage a saw mill owned by defendant and remained in his employ until December of the year. He was to receive as compensation for his services $275.00 per month and his expenses and, in addition, was to receive, according to plaintiff's interpretation of the contract, a bonus of $1 per thousand feet on all the lumber manufactured, provided there was shown to be a profit of $10 or more per thousand feet.

Plaintiff alleges that during the operation of the mill there was manufactured 1,600,000 feet of lumber on which a profit of more than $10 per thousand feet was made and that therefore defendant is due him $1600.00 on that account, and that he is due him a balance on salary of $196.00. He brings this suit to recover the aggregate of these amounts.

Defendant in answer admits that he employed plaintiff at a salary of $275.00 per month and all expenses, but denies that he is now due him anything.

He alleges, with reference to the amount to be paid by him to plaintiff as a bonus in case the operation showed a profit, that he—

"agreed to pay plaintiff the first $1.00 per thousand feet lumber measure in excess of $10.00 profit per thousand feet lumber measure, net to defendant, on this entire operation".

Defendant alleges that he has some lumber on hand not sold and for that reason does not know just what profit has been made. However, he sets up that the profit is less than $10.00 per thousand feet.

In reconvention, defendant alleges that plaintiff is due him $823.55 for certain advances, for which amount he asks judgment.

There was judgment in the district court rejecting plaintiff's demand and judgment in reconvention for the defendant for $77.55, from which plaintiff appealed.

We quote the following from the very able and well considered opinion of our brother of the district bench, to wit:

"There is but little difference between the contract as stated by the plaintiff and that as stated by the defendant, except, that the defendant alleges that the bonus of one dollar per thousand feet was to be paid to the plaintiff in the event the net profit per thousand feet should exceed ten dollars per thonsand feet on the lumber when sold.

"The defendant denies owing the plaintiff anything either on account of the straight salary, or the bonus, and reconvenes for a balance of eight hundred and twenty-three dollars and fifty-five cents as shown by the account sued on annexed to the answer and made a part thereof, denying, of course, that the net profit realized from the lumber sold, which he estimates as sixteen hundred thousand feet, equalled or exceeded ten dollars per thousand feet.

"The chief, if not the only serious dispute between the parties, is as to whether

or not a profit of ten dollars, or more per thousand feet, was realized for the lumber, the claim being made for that sold and unsold.

"The defendant testified in support of his reconventional demand and offered in evidence seventy-four invoices, or account sales, showing the grades and quantities of the lumber sold, and the gross receipts for the same, and also offered in evidence the accounts, which were taken from defendant's books, kept by the plaintiff, the accounts showing the expenses of the saw mill operations in the production, stacking, hauling, shipping, and sale of the lumber, which included all other expenses, such as interest, discount, commissions, taxes, rent on saw mill site, lumber inspection, scaling, & etc.

"The defendant testified that there had been shipped and sold 1,180,000 feet; and that there were still unsold on the mill yards and at the railroad station at Frogmore, 359,260 feet.

"Taking the gross receipts for the 1,180,-000 feet sold as a basis for calculation, and deducting therefrom the total expense incurred on that amount of lumber, and by dividing the total net receipts by the 1,180,000 feet, the defendant arrived at a net profit of less than ten dollars per thousand feet for the lumber which had been sold.

"Mr. Mulvihill, an expert accountant, who testified for the plaintiff, basing his calculations on the 1,180,000 feet which the defendant testified had been sold, and by similar mathematical processes as those employed by the defendant, arrived at a net profit per thousand feet for the lumber which had been sold of more than fifteen dollars per thousand feet.

"Both the defendant and Mr. Mulvihill are in error as to their estimate of the lumber sold. This arises from error in adding the different amounts of the lumber sold as shown on the account sales.

"They each made other errors in their calculations, as was discovered by the court. Although the defendant testified that there had been 1,180,000 feet sold, the court is satisfied there was no intention on the part of either defendant or Mr. Mulvihill to wilfully misstate the facts, but the mistake of both was due entirely to error in addition.

"It would serve no useful purpose to go into detail as to the calculations made by the defendant and Mr. Mulvihill.

"The court after going over the matter most carefully some three or four diffferent times, found that the total amount of the lumber sold was 1,122,230 feet, and that the gross proceeds of this amount of lumber were $54,061.52. The court found by calculations carefully made and gone over several times to verify their correctness that the total gross expense incurred on account of this 1,122,230 feet was $45,-781.10, which the court deducted from the total gross receipts of the 1,122,230 feet sold, finding the total net receipts from the lumber sold to be $8,280.42, which divided by 1,122,230, the amount sold, gave as a quotient the net profits per thousand feet to be $7.37.

"Hence, the court finds, that there is nothing due the plaintiff on account of the bonus or commissions claimed by him.

"The account serving as a basis for the reconventional demand shows a balance of $823.55 in favor of the defendant, but this should be credited by one month's salary of $275.00 which does not appear as a credit on the account, which the defendant admits was omitted through mistake. There should also be deducted from the above balance the following debit items which have now been abandoned by the defendant: Purchase price of Ford car, $205.00; July payment on Chevrolet car, $36.00; Aug., Sept., Oct., Nov., and Dec. payments on Chevrolet car, of $46.00 each. This will give the total amount to be deducted from the above debit balance of $823.55 to be $746.00, leaving a balance due the defendant by the plaintiff of $77.55."

As will be seen by reference to the above opinion of the district judge, who went very thoroughly into the facts of the case, both on the main and on the reconventional demand, as is stated by him the serious and about the only dispute between these litigants is whether a profit of $10.00 or more per thousand feet was made on the lumber manufactured, and to determine that question all of the bills, invoices, figures and estimates submitted by both sides must be gone over.

The district judge says he went over them most carefully three or four times, and he states clearly his findings. We have been furnished pencil memoranda

showing his figures and notes covering several pages which show how careful and painstaking he was and the vast amount of time and labor he must have spent in arriving at his conclusion.

If it were not for the fact that counsel for plaintiff insisted in oral argument before the court and in briefs filed, that the district judge in his calculation of the profit made failed to take into account the lumber on hand and unsold we would be disposed to adopt the opinion of the district judge and make it our own without further comment; but in view of learned counsel's insistence that the judge of the lower court made the mistake of leaving out of his calculation any consideration whatever of the unsold lumber, we have gone over the invoices showing the amount of lumber sold and the price thereof, the testimony of all the witnesses as to the costs of manufacturing and marketing the lumber, the testimony of Mr. Elliott, showing the amount of lumber in the yard and on the railroad unsold; and in fact all the testimony in the case, and we are thoroughly convinced that the profit on the lumber did not amount to $10 per thousand. We are further convinced that counsel is in error when he states that the district judge failed to take into consideration the unsold lumber.

Counsel for plaintiff says in brief:

"But, the judge made a very serious error himself in his figures. He entirely failed to take into account anything but the lumber sold, whereas that unsold must necessarily be calculated in arriving at the profit made on all the lumber manufactured which is the basis of plaintiff's claim."

He then takes the figures found by the court and attempts to show that according to those figures there was a profit of $14.91 per thousand made on the operation, the figures which he uses being as follows:

The amount of lumber sold was 1,122,230 feet.

The gross proceeds of the sale were $54,061.52.

Dividing the gross proceeds by the amount of lumber sold shows an average price of lumber sold of $48.25 per thousand.

The amount of lumber unsold is 359,260 feet.

Figuring that the unsold lumber is worth as much as that which was sold and would bring the same price if placed upon the market, he multiplies the number of feet unsold by $48.25 and gets gross proceeds amounting to $17,334.29, the value of the unsold lumber.

He deducts from this amount the cost of hauling, and marketing this lumber, amounting to $3,524.00, leaving a net balance of $13,810.25. This, he says, is the net value of the unsold lumber.

The court found that the net profit on the lumber sold was $8,280.42, which amount counsel adds to what he says is the net value of the unsold lumber, making a total of $22,090.71, which he concludes is the net profit on all the lumber manufactured, both sold and unsold.

Counsel takes the figures of the court showing that there had been manufactured altogether 1,481,490 feet of lumber. Dividing the net profit of $22,090.71 by the number of feet of lumber manufactured gets a quotient of $14.91, which, counsel says, represents the net profits realized on all the lumber manufactured.

But counsel has made a glaring error in his figuring. He figures correctly that the average price of the lumber sold was $48.25 per thousand and that the unsold lumber at that price is worth $17,334.29; he deducts the cost of hauling and marketing the unsold lumber, amounting to $3,524.00, leaving the net value of the unsold lumber $13,810.29; but he fails to de-

duct the cost of manufacturing this lumber, and therein is his error.

In order to arrive at the profit made the cost of the manufacture must, of course, be deducted from the gross price. Counsel fails to take into consideration the cost of manufacturing this unsold lumber, and it will therefore be seen that his figures showing a net profit of $14.92 per thousand are erroneous.

We quote from counsel's brief as follows:

"Net proceeds of lumber unsold $13,810.29
"And net proceeds of lumber
   "sold _____ 8,280.42

"Net proceeds of lumber sold and
   "unsold _____$22,090.71"

Taking these figures as correct, it would appear that more profit was made on the 359,260 feet of lumber unsold than there was made on the 1,122,230 feet sold.

These figures clearly show the error into which learned counsel for plaintiff has fallen.

With reference to the cost of manufacturing the lumber, we note that Mr. Culp, the plaintiff, says as a witness that it cost about $21.00 per thousand feet to manufacture this lumber, which did not include, he said, all the expense of operation, and he enumerated certain expenses which were not included in those figures. He also says that he and Mr. Berry in figuring in a general way as to the cost of manufacturing the lumber concluded that it would be about $30.00 per thousand. However, this was only their estimate.

The district judge found that the expense of manufacturing the lumber, that which was sold and that unsold, was $21.92 per thousand, and in view of plaintiff's testimony that his estimate of $21.00 per thousand did not include all the expenses, the court was probably correct in its figures. At $21.92 per thousand it would

cost $7,874.97 to manufacture 359,260 feet of lumber. The gross value of the 359,-260 feet of unsold lumber figured at $48.25 per thousand is $17,334.29.

In order to arrive at the net value of this lumber there must be deducted the sum of $3,524.00, the expense of hauling the lumber to the railroad and of putting it on the market, and also $7,874.97, the cost of manufacturing it.

These two amounts deducted from its gross value leaves a balance of $5,935.32, the net value of the lumber unsold.

The court found that the net proceeds of the lumber sold was $8,280.42. These two added, make a net profit on the lumber sold and unsold of $14,215.74.

According to the figures, there was lumber sold and unsold amounting to 1,479,494 feet.

From these figures showing the gross amount of lumber manufactured and the net amount of profit, it will be readily seen that the net profit on the lumber amounted to less than $10.00 per thousand.

We do not submit the last named figures as showing the exact profit which was made on the lumber manufactured during the time that Mr. Culp was superintending the mill. Those figures were used rather to show the error into which counsel for plaintiff has fallen in his calculation. As stated already, we have carefully gone over all the testimony in the case. We have ascertained the amount of lumber sold from the invoices submitted by Mr. Berry and we have ascertained the price of the same from said invoices. We took the testimony of Mr. Elliott as to the amount of lumber on hand unsold. We have gone over the figures of all the witnesses showing the cost of manufacturing the lumber, the commissions which were to be paid on the sale of it and, in fact, every item of expense which we think properly charge-

able as an item of expense in the manufacture of this lumber, and have reached the conclusion, independently of the district judge's opinion, that there was a profit of less than $10.00 per thousand made on this lumber. Therefore, the plaintiff can recover nothing from that source.

We have also carefully considered the testimony with reference to defendant's reconventional demand and are satisfied that the the judge of the district court made no error in his finding.

For the reasons assigned, the judgment of the district court is affirmed with costs.